ERVIN, Justice
(dissenting).
It appears to me that suspension of Respondent for a period of one year and thereafter until he demonstrates to the Board of Governors of The Florida Bar his fitness to resume law practice is too harsh under the circumstances revealed in these proceedings.
The acts of his misconduct, admittedly bad indeed, were committed on or before January'10, 1962, more than five years ago. They were not brought to the attention of The Florida Bar until October, 1964, after the Respondent had made full restitution to parties he had aggrieved by his misconduct, and in particular one Mr. Max Stadler.
Restitution was made by means of an agreement entered in 1961 whereby Respondent caused $100,000 in cash and first mortgages to be placed in trust with members of the Stadler family as trustees. Therefrom restitution was duly made.
However, Max Stadler and others took $25,000 from the trust in excess of restitution, for recovery of which Respondent caused suit to be brought. This suit was won. Out of this litigation episode, Max Stadler, three and one half years after restitution, brought Respondent’s prior misconduct to the attention of The Florida Bar after Respondent refused to yield to threats of exposure from Stadler and withdraw the suit. Such was the predicate for these disciplinary proceedings.
Since 1962 it appears from the record Respondent has conducted himself honestly, trustworthily and with credit to the legal profession. He has been repentant and has done all within his power to rectify his previous transgressions.
Restitution having been fully made and the Respondent having made a good professional rehabilitation during the past several years consistent with repentance and honest practice, I think little good can be achieved at this late date by imposing a year’s suspension. Respondent by his own admission stands before the Bar and public guilty of past unprofessional conduct. What he did can never be condoned and his conduct justifies strong reprimand. But disruption of his practice by suspension now, long after his derelictions, as belated punishment to him and as an example to other members of the Bar, hardly seems-warranted in view of the stated restitution, rehabilitation and lapse of time. Suspension might well be a morale-shattering blow to the Respondent far outweighing any need! to punish or any admonitory significance the example of suspension would be to members of the Bar. If I read correctly the record of these proceedings and have properly observed Respondent’s demeanor, he has had brought deep into his inner consciousness the grievousness of his transgressions and has tried his level best to-make amends. With Shakespeare, I believe in these circumstances it would be a “cruelty to load a falling man.” Compare The Florida Bar v. King, Fla., 174 So.2d 398. I think it would suffice to reprimand him and’, place him upon a year’s probation.